## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Gregory J. LeMond,

               Plaintiff,

v.

Frederick Harold Stinchfield,
*also known as Frederick Harold
Stinchfield, II*, and

Frederick Harold Stinchfield, *also known
as Frederick Harold Stinchfield, III*,

               Defendants.

Case No. 17-cv-2071 (JRT/TNL)

### REPORT & RECOMMENDATION

Karl C. Procaccini, Lawrence M. Shapiro, and Matthew D. Forsgren, Greene Espel PLLP, 222 South Ninth Street, Suite 2200, Minneapolis, MN 55402 (for Plaintiffs);

Frederick Harold Stinchfield II, 2255 Abingdon Way, Long Lake, MN 55356 (*pro se* Defendant);[1] and

Frederick Harold Stinchfield III, 2255 Abingdon Way, Long Lake, MN 55356 (*pro se* Defendant).[2]

## I. INTRODUCTION

This matter comes before the Court on two self-titled motions to dismiss (ECF Nos. 43 and 50) filed individually by *pro se* Defendants Frederick Harold Stinchfield II ("Stinchfield II") and Frederick Harold Stinchfield III ("Stinchfield III"). These motions have been referred to the undersigned for a report and recommendation to the district

---

[1] Defendants filed the instant motions *pro se*. Subsequently, on October 26, 2017, attorney Zorislav R. Leyderman entered an appearance on behalf of all Defendants. (ECF No. 85.)
[2] *See supra* n.1.

court, the Honorable John R. Tunheim, Chief District Judge for the United States District Court for the District of Minnesota, under 28 U.S.C. § 636 and D. Minn. LR 72.1. (ECF No. 65.) The parties agreed that the motions would be submitted on the papers without a hearing. (ECF No. 69.)

## II. BACKGROUND[3]

Plaintiff Gregory J. LeMond ("LeMond") "is a world famous athlete, three-time winner of the Tour de France, and a successful businessman." (Compl. ¶ 5, ECF No. 1.) LeMond is the owner of the LEMOND mark. (Compl. ¶ 10.) "LeMond has long been associated with his LEMOND brand and trademark," and has used the LEMOND mark "to market various products for many years." (Compl. ¶ 6.)

LeMond "was an early adopter and proponent of carbon fiber technology in cycling." (Compl. ¶ 7.) "In August 2016, LeMond announced that he was launching a new venture focused on developing low-cost carbon fiber technology and producing and selling lost-cost carbon fiber." (Compl. ¶ 7.) To this end, LeMond founded LeMond Companies, LLC ("LeMond Companies") and LeMond Composites, LLC ("LeMond Composites"). (Compl. ¶ 7.) LeMond Companies and LeMond Composites use the GRAIL mark in "market[ing] their low-cost carbon fiber products." (Compl. ¶ 9.) LeMond is the owner of the GRAIL mark. (Compl. ¶ 10.)

Stinchfields II and III (collectively, "Stinchfields") are father and son respectively. (Compl. ¶¶ 11-12.) The Stinchfields own and/or control 66 domain names containing

---

[3] "In analyzing a motion to dismiss, a court must accept the allegations contained in the complaint as true and make all reasonable inferences in favor of the nonmoving party." *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014).

LeMond's name or his marks.  (Compl. ¶¶ 13-15.)  These domain names are registered to "F H Stinchfield II"; list the Stinchfields' shared home address as the address of the registrant; and list Stinchfield III's e-mail address as the e-mail address of the registrant. (Compl. ¶¶ 16-18.)  The domain names were registered in September and October 2016, following LeMond's announcement.  (Compl. ¶ 19.)

LeMond alleges that the Stinchfields "have registered, used, and/or trafficked the[se] [d]omain [n]ames with a bad faith intent to profit."  (Compl. ¶ 24; *see* Compl. ¶¶ 35-42.)   By way of example, LeMond discusses the Stinchfields' use of the lemondindustries.com domain name.  (*See* Compl. ¶¶ 24-33.)  LeMond alleges that the Stinchfields have used this domain to host a website entitled "LeMond Industries," which "contains derogatory information about LeMond and his businesses" and features LeMond's name and likeness along with the LEMOND mark.  (Compl. ¶¶ 24-26.)  The Stinchfields have also "posted approximately 25 blog posts" to the LeMond Industries website.  (Compl. ¶ 27.)  The website also features third-party advertisements, which, upon information and belief, generate revenue for the Stinchfields.  (Compl. ¶¶ 28-29.) On or about June 2017, the Stinchfields advertised "LeMond-Related Domains for Sale!" on the LeMond Industries website and, at one point, posted "that they hoped that 'someone from the LeMond Composites team would reach out.'"  (Compl. ¶¶ 30-32; *see* Compl. ¶ 33.)  The Stinchfields also claimed "that '[t]he amount of traffic driven by the . . . [advertised domain names] runs in the 1000s per day with no original content." (Compl. ¶ 32.)   LeMond brings the instant action under provisions of the

Anticybersquatting Consumer Protection Act, 15 U.S.C. §§ 1125(d), 8131, seeking damages, forfeiture of the domain names, an injunction, and attorney fees and costs.

Subsequent to the filing of this action, the district court granted LeMond's request for a preliminary injunction. *LeMond v. Stinchfield*, No. 17-cv-2071 (JRT/TNL), 2017 WL 3491837 (D. Minn. Aug. 14, 2017). With respect to the domain names at issue and any other domain names in the Stinchfields' possession, custody, or control that are identical or confusingly similar to LeMond's name or the LEMOND or GRAIL marks, the district court ordered the Stinchfields to remove all content from and cease using the domain names, enjoined the Stinchfields from selling or transferring the domain names to anyone other than LeMond, and directed the Stinchfields to transfer immediately the domain names to LeMond. *Id.* at *8. The Stinchfields were also enjoined from registering any additional domain names that are identical or confusingly similar to LeMond's name or the LEMOND or GRAIL marks. *Id.*

### III. ANALYSIS

#### A. The Stinchfields' Motions Seek Summary Judgment

Although the Stinchfields' motions are titled motions to dismiss, the motions do not identify a particular basis under the Federal Rules of Civil Procedure for which they seek dismissal. Further, the Stinchfields have each presented affidavits and exhibits in support of their motions, asking the Court to review the evidence. (Stinchfield III's Mot. to Dismiss at 1, 3, 5, 6, ECF No. 43; Aff. of Stinchfield III, ECF No. 45; Attachs. to Stinchfield III Aff., ECF Nos. 46, 46-1; Stinchfield II's Mot. to Dismiss at 1, ECF No. 50; Aff. of Stinchfield II, ECF No. 53; Attachs. to Stinchfield II Aff., ECF No. 53-1.) In

essence, the Stinchfields assert that the evidence shows that they are not liable to LeMond, and any dispute concerning the domain names is a matter to be resolved internally within the LeMond family.

Generally, matters outside the pleadings are not considered by the Court on a motion to dismiss. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); *see, e.g.*, *Dunnigan v. Fed. Home Mortg. Corp.*, 184 F. Supp. 3d 726, 734 (D. Minn. 2016). "Most courts view matters outside the pleading as including any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings." *Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 791 (8th Cir. 2014) (quotation omitted). In contrast, when a party moves for summary judgment under Rule 56, materials outside the pleadings are presented to and considered by the Court. *See* Fed. R. Civ. P. 56(c)(1), (4). "At the summary judgment stage, the parties have developed the record through discovery and there is an expectation that the parties have had the opportunity to produce evidence supporting their claims and defenses." *In re Retek Inc. Secs. Litig.*, 621 F. Supp. 2d 690, 701 (D. Minn. 2009).

The Court recognizes that the Stinchfields brought these motions *pro se*, before retaining counsel. Considering the nature of the Stinchfields' filings and the liberal construction given to the submissions of *pro se* litigants, *see Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004), the Court construes the Stinchfields' motions to dismiss as motions for summary judgment. The Court notes that, when responding to these motions,

5

LeMond treated them as motions for summary judgment.  (*See* LeMond's Resp. at 1 n.1, 8-10, ECF No. 59.)

### B.  Legal Standard

Under Rule 56(a), courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The movant "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *accord Gannon Int'l, Ltd. v. Blocker*, 684 F.3d 785, 792 (8th Cir. 2012).  "If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial." *Gannon Int'l*, 684 F.3d at 792.  "To establish a genuine issue of material fact, . . . [the non-moving party] may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in his favor." *Turner v. Mull*, 784 F.3d 485, 489 (8th Cir. 2015) (quotation omitted).

### C.  The Stinchfields' Motions are Premature

In addition to arguing that the Stinchfields have failed to meet their burden under Rule 56(a) to show that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law, LeMond asserts that the motions are premature and should be denied under Rule 56(d) because the parties have not yet engaged in discovery.  LeMond's counsel has submitted a declaration outlining specific

discovery that needs to be conducted and the information such discovery may reveal. (Decl. of Karl C. Procaccini, ECF No. 60.)

"As a general rule, summary judgment is proper only after the nonmovant has had adequate time for discovery." *Iverson v. Johnson Gas Appliance Co.*, 172 F.3d 524, 530 (8th Cir. 1999) (quotation omitted); *accord Jackson v. Riebold*, 815 F.3d 1114, 1121 (8th Cir. 2016). Under Rule 56(d),

> [i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

"The purpose of this rule is to prevent a party from being unfairly thrown out of court by a premature motion for summary judgment." *Jackson*, 815 F.3d at 1121 (quotation omitted). Rule 56(d) "should be applied with a spirt of liberality" and courts have wide discretion in ruling on requests for relief thereunder. *United States ex rel. Bernard v. Casino Magic Corp.*, 293 F.3d 419, 427 (8th Cir. 2002) (quotation omitted); *see Jackson*, 815 F.3d at 1121; *Nelson v. Am. Home Assurance Co.*, No. 11-cv-1161 (RHK/FLN), 2011 WL 2397160, at *1 (D. Minn. June 13, 2011).

At the same time, "[i]t is not enough for a party seeking a continuance to merely list facts that might be unearthed in further discovery. Rather, the nonmovant must articulate how those facts are relevant to rebut the movant's showing of the absence of a genuine issue of fact." *In re Polaroid Corp.*, 527 B.R. 335, 347 (D. Minn. 2015) (citations and quotation omitted). A party seeking additional discovery under Rule 56(d)

"must show: (1) . . . the specific facts that they hope to elicit from further discovery, (2) . . . the facts sought exist, and (3) . . . these sought-after facts are essential to resist the summary judgment motion." *Toben v. Bridgestone Retail Operations, LLC*, 751 F.3d 888, 895 (8th Cir. 2014) (quotation omitted); *accord Jackson*, 815 F.3d at 1121.

At the time the Stinchfields' motions were filed, the parties had not engaged in *any* discovery. The motions were, in fact, filed prior to the Court's pretrial scheduling conference with the parties. In his declaration, LeMond's counsel has set forth numerous specific facts to be elicited in discovery that directly bear on the parties' claims and defenses. Through discovery, LeMond seeks to uncover facts regarding, among other things, (1) the Stinchfields' "prior knowledge of [LeMond's] business and []marks"; (2) conversations the Stinchfields had with LeMond regarding his business and marks; (3) the Stinchfields' involvement in the registration, reregistration, and/or transfer of the domain names at issue; (4) the timing and context (including intent) of the registration of the domain names at issue; (5) the Stinchfields' knowledge, registration, use, trafficking, possession, custody, and control of any additional domain names identical or confusingly similar to LeMond's name and marks; (6) the timing, context, and meaning of the Stinchfields' posts to the LeMond Industries website; (7) the Stinchfields' efforts to sell the domain names in dispute; and (8) the Stinchfields' knowledge, registration, use, or trafficking of domain names identical or confusingly similar to other trademarks or personal names. *See* 15 U.S.C. §§ 1125(d)(1)(A) (providing a civil action against a person who registers, traffics in, or uses a domain name identical or confusingly similar to a mark with a bad faith intent to profit), 1125(d)(1)(B) (listing factors that may be

8

considered in determining bad faith intent), 8131 (providing a civil action against a person who registers a domain name in another person's name or a name substantially and confusingly similar thereto without that person's consent with the specific intent to profit from that person's name by selling the domain name for financial gain).

Stinchfield II contends that he had no involvement in the disputed domain names at issue and therefore should be dismissed from this lawsuit.  (*See generally* Stinchfield II's Mot. to Dismiss; Stinchfield II Aff.; Answers of Stinchfield II, ECF Nos. 24, 25.) Stinchfield III similarly maintains that he had no involvement in the disputed domain names and a third party is responsible for the conduct alleged.  (*See generally* Stinchfield III's Mot. to Dismiss; Stinchfield III Aff.; Answer of Stinchfield III, ECF No. 31.)  As the district court observed, however,

> there is evidence connecting [the Stinchfields] to the Domain Names: they were registered in Stinchfield II's name, with the Stinchfields' shared address, and with Stinchfield III's email address.    Additionally, Stinchfield III admitted to having control over the Domain Names and to posting on the "LeMond Industries" site.    There is also evidence of Stinchfield III's trafficking in many of the Domain Names based on the post on the "LeMond Industries" site offering them for sale.

*LeMond*, 2017 WL 3491837, at *5.  Ultimately, discovery will reveal if and to what extent any of the Stinchfields were involved in the events leading up to this lawsuit and the disputed domain names; or have general experience in or knowledge of trafficking or trolling domain names, with any direct or indirect evidence of intent that may be derived therefrom.  The discovery identified and sought by LeMond goes to the heart of the

Stinchfields' assertions, and the development of these facts will enable LeMond to rebut their contention that material facts are not in dispute. *See Toben*, 751 F.3d at 895.

Moreover, such facts clearly exist and go to the heart of this lawsuit. LeMond's request for relief under Rule 56(d) is not based on mere "'speculative hope' of finding evidence to support [his] claim[s]." *Id.* Rather, he has not yet had the opportunity to develop those facts. LeMond is entitled to take discovery in support of his claims and develop further the facts that will determine the outcome of this litigation. *McAdams v. Hinrichsen*, No. 15-cv-1597 (PJS/KMM), 2016 WL 3960377, at *7 (D. Minn. June 24, 2016), *adopting report and recommendation*, 2016 WL 3962870 (D. Minn. July 21, 2016); *Nelson*, 2011 WL 2397160, at *1. Summary judgment is not appropriate in favor of the Stinchfields at this juncture. *See Iverson*, 172 F.3d at 530 ("If the failure to allow discovery deprives the nonmovant of a fair chance to respond to the motion, however, summary judgment is not proper and will be reversed.").

Accordingly, the Court recommends that the Stinchfields' motions be denied without prejudice as premature. *See, e.g.*, *McAdams*, 2016 WL 3960377, at *7 (recommending denial of motion for summary judgment where motion was filed less than one week after pretrial scheduling order was issued and parties had "not taken discovery on even the most basic issues in th[e] case"); *Cool-Pak, LLC v. Larsen*, No. 11-cv-2182 (JRT/TNL), 2012 WL 1933706, at *2 (D. Minn. May 29, 2012) (denying motion for summary judgment as premature where discovery had not yet begun); *Nelson*, 2011 WL 2397160, at *1 (denying motion for summary judgment where party had "been afforded *no* chance to obtain *any* discovery").

## IV. RECOMMENDATION

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS**

**HEREBY RECOMMENDED** that:

1. Stinchfield III's Motion to Dismiss (ECF No. 43) **BE DENIED WITHOUT PREJUDICE**.

2. Stinchfield II's Motion to Dismiss (ECF No. 50) **BE DENIED WITHOUT PREJUDICE**.

Date: December____13____, 2017                    _____*s/ Tony N. Leung*_____
                                                                         Tony N. Leung
                                                                         United States Magistrate Judge
                                                                         for the District of Minnesota

                                                                         *LeMond v. Stinchfield et al.*
                                                                         Case No. 17-cv-2071 (JRT/TNL)

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).